KETCHUM & HARTRIDGE, plaintiffs in error, *vs.* JAMES B. PACE, defendant in error.

(BY TWO JUDGES.)—When a sheriff, by direction of the plaintiff, levied a distress-warrant for rent upon the crop made on the land rented and also on certain mules belonging to defendant on the place, and afterwards dismissed the levy on the mules, it appearing that they were under a mortgage of superior lien to the distress-warrant, and the mules were run off by the defendant:

*Held,* That such levy and dismissal did not postpone the lien of the distress-warrant on the crop to younger liens.  27th February, 1872.

Lien of Judgments.   Waiver.   Before Judge HARRELL. Clay Superior Court.   September Term, 1871.

Pace sued out a distress-warrant for rent against Jones & Jones, and under it sold certain cotton.  Ketchum & Hartridge claimed that the proceeds should be paid to them, and Pace denied their right to it.   On the trial the following facts appeared :  Before this cotton was levied upon, the distress-warrant had been levied upon ten mules and horses, worth $1,300 00, and said cotton, which were left on defendant's place by order of Pace.   When the sheriff went back the next day or the day after that, these mules and horses were gone.   Afterwards, under instructions from Pace's attorney, he erased that levy as to the mules and horses from the warrant.   The mules and horses levied upon had been mortgaged to Ketchum & Hartridge, and Jones ran them off after said levy.   Pace's attorney ordered the sheriff to dismiss the levy as to the mules and horses, because after they were levied upon he learned that they were covered by said mortgage which had been foreclosed.   The mortgage *fi. fa.* put in evidence covered these mules and horses.   It was conceded that Pace's lien was superior to that of the mortgage as to the cotton ; but it was contended that the dismissal of the levy as to the mules and horses was *prima facie* satisfaction of the distress-warrant to the extent of their value, and that the explanation of the dismissal was insufficient to remove that difficulty, especially as by the levy, etc., Pace had caused these mules and horses to be put out of the way of the mortgage.

The Court charged the jury that an unexplained levy on personalty raised a presumption of payment to the extent of the value of said personalty ; but that if the levy was dismissed because it was ascertained after it was made that the property could not be subjected to the payment of the dis-

tress-warrant, because it was subject to a prior lien of a mortgage that was a sufficient explanation to remove the presumption of payment. He further charged that a mere levy and dismissal, under the circumstances, would not make Pace chargeable with having caused the property to be run off. The jury found for Pace. A new trial was moved for upon the ground that said charge was wrong. The Court refused a new trial, and of that complaint is made here.

WILLIAM GUERRARD; HOOD & KIDDOO, for plaintiffs in error, cited R. Code, sec. 3607; 6th Ga. R., 392; 13th, 185; 30th, 433; 36th, 513, as to dismissal of levies.

H. FIELDER; R. E. KENAN, for defendant, relied upon 30th Ga. R., 433; 36th, 511.

McCAY, Judge.

Without question, if there be a levy upon personal property, it operates as a satisfaction of the *fi. fa pro tanto*, unless the plaintiff show that it was unproductive. But he is not confined to one way of doing this. If, after the levy, he finds it is not the property of the defendant and he orders the levy dismissed, surely this is no satisfaction. The burden of proof is upon the plaintiff, but it would, as it seems to us, be very absurd to compel the plaintiff to go on to sell, or to litigate, when it is plain that the property is not subject.

It is admitted that the mules, the levy upon which was dismissed, were covered by the mortgage of the plaintiffs in error, and that if they had been sold under the distress-warrant, that mortgage would have taken the money, if it was foreclosed. If not foreclosed, the property would have brought nothing, unless it was sold under agreement. In any event, it would have been folly to go on with the levy, under the distress-warrant, and when the levy was dismissed, the property turned back to the defendant in the distress-warrant, the property was no longer a credit on the *fi. fa.*

We have looked closely into the cases referred to, but in none of them did it appear, as here, that the plaintiff making the levy, even with the utmost diligence, could have realized nothing from the property.

We are not able to see how the fact that this levy of the distress-warrant alarmed the defendant, so that, soon after the levy was dismissed, he ran away, carrying off the mules, can affect the case. Even in an action on the case for damages, it would be very difficult to sustain a recovery, for this reason, but surely that result is no reason why the holder of the distress-warrant should be charged with the value of the mules. It was the duty of the mortgagee to attend to his own business, and the holder of this distress-warrant only did his duty to the mortgagee when he dismissed this levy. It was not right that he should have the property sold, as it was bound under the mortgage, and there was not enough to satisfy it.

Judgment affirmed.